# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TROY LILLIE, ET AL.

VERSUS

STANFORD TRUST COMPANY,
STATE OF LOUISIANA, OFFICE
OF FINANCIAL INSTITUTIONS,
AND SEI INVESTMENTS COMPANY

NO.  2024 CW 0630

**JULY 19, 2024**

---

In Re:   Troy Lillie, et al., applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No.581670.

---

**BEFORE:   CHUTZ, GREENE, AND STROMBERG, JJ.**

**STAY DENIED; WRIT GRANTED.** The portions of the trial court's July 8, 2024 judgment, which granted Motion in Limine No. Four, Motion in Limine Nos. Five and Nine, Motion in Limine No. Eight, Motion in Limine No. Eleven, and the Motion to Strike Affirmative Defenses filed by the plaintiffs, Troy Lillie, et al. (collectively "Plaintiffs"), are reversed. Louisiana Civil Code article 2323 provides, in part, that in any action for damages where a person suffers injury or loss, the degree or percentage of fault of all persons causing or contributing to the injury or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, which applies to any claim for recovery of damages for injury or loss asserted under any law or legal doctrine or theory of liability, regardless of the basis of liability. Although La. Civ. Code art. 2323(C) states that, if a person suffers injury, death, or loss as a result partly of his own negligence and partly as a result of the fault of an intentional tortfeasor, his claim for recovery of damages shall not be reduced, "[n]othing in this section prevents the determination of the percentage of fault of all persons causing or contributing to the injury at issue." See **Landry v. Bellanger**, 2002-1443 (La. 5/20/03), 851 So.2d 943, 953. Accordingly, the trial court abused its discretion in excluding evidence of the fault of Plaintiffs and non-parties, and the motions in limine are denied. Additionally, where the factors set forth in **Horton v. McCary**, 635 So.2d 199, 203 (La. 1994) were not met in this case and where the State of Louisiana, Office of Financial Institutions has complied with the discovery order and produced the requested documents, we find the trial court abused its discretion in granting the Motion to Strike Affirmative Defenses, which is denied.

**WRC**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT